IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DANA MARIE ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 120-135 |
| ) | |
| MEOSHA McMILLAN, Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 13.) Although nothing in the objections undermines the R&R, the Court will address two points for the sake of clarity.

Petitioner asserts the Magistrate Judge misapprehended her improper bolstering argument because she is asserting T.B.'s hearsay testimony improperly bolstered C.C.'s testimony rather than K.R.'s testimony as the Magistrate Judge stated. (Doc. no. 1, p. 10; doc. no. 13, p. 3.) The distinction makes no difference because, as the Magistrate Judge and state habeas court explained, the Georgia legal analysis for admissibility of prior consistent statements focuses solely on the circumstances of K.R.'s testimony, and the identity of the witness allegedly bolstered is irrelevant. (See R&R at p. 14.)

Also noteworthy is Petitioner's mistaken reliance on Georgia decisions holding it is improper for one witness to testify of a personal belief that another witness is telling the truth. T.B. never testified he believed C.C. or K.R. was telling the truth, and Petitioner never argues otherwise. Instead, the focus of Petitioner's argument is T.B.'s testimony concerning a prior consistent statement by K.R. that she saw two people having sex in her bed. The decisions cited by Petitioner explain such testimony is admissible because K.R.'s veracity was affirmatively placed in issue. See, e.g. Baugh v. State, 585 S.E.2d 616, 619 (Ga. 2003) (explaining prior consistent statements are admissible to rebut attack on witness's veracity).

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein, as its opinion, and **DISMISSES** the instant petition brought pursuant to 28 U.S.C. § 2254.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a)

2

frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 27th day of April, 2021, at Augusta, Georgia.

*/s/ J. Randal Hall*
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

to the Rules Governing Section 2254 Proceedings.